IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-CR-01403 RB |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSE LUIS ARMENDARIZ, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S PRO SE MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821**

The United States hereby responds to Defendant's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (Part A). Doc. 31. Defendant is ineligible for a sentence reduction because Defendant was sentenced after Amendment 821 (Part A) went into effect and already received the benefit of Amendment 821 (Part A). Therefore, Defendant is ineligible for relief pursuant to 18 U.S.C. § 3582(c)(2). Thus, the Court must deny Defendant's motion.

**I.    ARGUMENT**

Under 18 U.S.C. § 3582(c)(2), "the court may reduce the term of imprisonment" for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has" been (1) "subsequently . . . lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" 18 U.S.C. § 3582(c)(2), and (2) "made retroactive pursuant to [28 U.S.C.] § 994(u)." *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 824 (2010)).

### A. Overview of USSG § 4A1.1(e)

Under Amendment 821 (Part A), which became effective on November 1, 2023, the Sentencing Commission amended the status point provision in § 4A1.1(e).  Before November 1, 2023, the Sentencing Guidelines assessed two criminal history points, commonly referred to as "status points," if the defendant committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  USSG § 4A1.1(d) (pre-amendment).  Under Amendment 821 (Part A), which went into effect on November 1, 2023, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in § 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

§ 4A1.1(e).  Thus, a person who otherwise presents 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points.  On August 24, 2023, the Commission made this status point amendment retroactive.  *See* § 1B1.10(d) (providing for the retroactive application of Amendment 821 (Part A), effective November 1, 2023).

With one inapplicable exception (where the defendant earlier received a below-guideline sentence based on substantial assistance)**,** "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."  USSG § 1B1.10(b)(2)(A); *see also Dillon*, 560 U.S. at 826 (noting that courts are "constrained by the [Sentencing] Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced'" (quoting 28 U.S.C. § 994(u))).

**B. Defendant is Not Eligible for a § 3852(c)(2) Sentencing Reduction Because She Was Sentenced *After* the Amendment to USSG § 4A1.1(e) Became Effective and Already Received the Benefit of the Amendment.**

On March 28, 2024, Defendant was sentenced to 130 months of imprisonment. Doc. 29. The Defendant's total offense level was 28 and his criminal history category was V, resulting in an advisory guideline range of 130 to 162 months. PSR at ¶¶ 27, 38, 59. Defendant was assessed ten criminal history points before any status points were added. *Id*. at ¶ 36. Defendant was then assessed only one criminal history point pursuant to § 4A1.1(e) because he was under a criminal justice sentence and had "7 or more" criminal history points. *Id*. at ¶ 37; *see* § 4A1.1(e) (requiring 7 or more criminal history points in order for a defendant to receive one status point). Because Defendant was sentenced after Amendment 821 went into effect and received the benefit of the status point amendment, he is not eligible for a sentencing reduction. Section 3582(c)(2) only authorizes a reduction in sentence for "a defendant who *has been sentenced* to term of imprisonment based on a sentencing range that has *subsequently been lowered*." 18 U.S.C. 3582(c)(2) (emphasis added). In other words, § 3582(c)(2) only applies to retroactive amendments that lower a defendant's sentencing range if the amendment went into effect *after* a defendant has been sentenced. Thus, Defendant's motion must be denied because he is ineligible for retroactive relief pursuant to § 3582(c)(2) because he was sentenced after Amendment 821 went into effect and received the benefit of that amendment.

## II.   CONCLUSION

For the foregoing reasons, the Court should summarily deny Defendant's motion without a hearing.

Respectfully submitted,

RYAN ELLISON
United States Attorney

*/s/ Electronically Filed 5/23/2025*
MARK A. SALTMAN
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

I HEREBY CERTIFY that a copy of this
response was sent via First Class U.S. Mail
to Jose Luis Armendariz, inmate # 51917-510,
at FMC Fort Worth, P.O. Box 15530,
Fort Worth, TX 76119 on this date.

*/s/ Electronically Filed 5/23/2025*
MARK A. SALTMAN
Assistant U.S. Attorney