IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                       No. 5:23-cr-1403 RB

JOSE LUIS ARMENDARIZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Jose Luis Armendariz's Motion for Reduction of Sentence. (Doc. 31.) The Federal Public Defender reviewed Armendariz's motion and declined to file a motion on his behalf. (Doc. 34.) The United States contends Armendariz is ineligible for a reduction. (Doc. 33.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds Armendariz was sentenced after Amendment 821 went into effect and thus received the benefit of the amendment. The Court will therefore **DISMISS** the motion.

**I.    Background**

On September 19, 2023, Armendariz pleaded guilty to one count of possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Docs. 22–23.) The United States Probation Office (USPO) provided a presentence report (PSR) and computed a base offense level of 31. (Doc. 26-1 ¶ 18.) Armendariz received a two-level increase for possessing a dangerous weapon, a two-level decrease for his minor role, a two-level decrease for acceptance of responsibility, and a one-level decrease for assisting authorities, making his total offense level 28. (*Id.* ¶¶ 19, 21, 25–27.) Considering his prior convictions, the USPO calculated a criminal history score of 10 and assessed one status point under U.S.S.G. § 4A1.1(e)

1

(*id.* ¶¶ 36–37, resulting in a criminal history category of V and a guideline imprisonment range of 130–162 months. (*Id.* ¶¶ 38, 58.)

On March 28, 2024, the Court sentenced Armendariz to 130 months of imprisonment. (Doc. 30.) His anticipated release date is November 10, 2031. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 28, 2025).

Armendariz, acting pro se, now asks the Court to reduce his sentence pursuant to Amendment 821. (Doc. 31.) The Federal Public Defender declined to file a motion on Armendariz's behalf, and the United States opposes the motion. (Docs. 33–34.)

## II.     Legal Standards

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 17 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the sentence was lower than the Guidelines range because the defendant provided substantial assistance to authorities, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

In 2023, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United

2

States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

Amendment 821 may lower the Guidelines sentencing range applicable to certain defendants. Part A of Amendment 821 applies to sentencing for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). Before Amendment 821, courts assessed two "status points" to the defendant's criminal history score for such crimes. *See United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918; § 4A1.1(e). In the case of a person who has seven or more criminal history points, the Court may reduce the status points to one, instead of two. § 4A1.1(e). Where a person has six or fewer criminal history points, the Court may reduce the status points to zero. *Id.*

Additionally, Part B provides that courts sentencing offenders who have zero criminal history points ("zero-point offenders") may reduce the offense level by two if the defendants meet specified criteria. § 4C1.1(a); U.S. Sent'g Guidelines Manual app. C Supp. (U.S. Sent'g Comm'n 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines range calculated under Amendment 821 is lower than the Guidelines range on which the defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(b)(1). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also*

3

*United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type-C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

**III.    Discussion**

Armendariz is not eligible for a sentence reduction because he was sentenced after Amendment 821 took effect. This is evident in the number of status points the USPO assessed pursuant to § 4A1.1(e): considering Armendariz's prior criminal history, the USPO computed 10 criminal history points. (*See* Doc. 26-1 ¶ 36.) Because he was under a criminal justice sentence and had "7 or more" criminal history points, he was then assessed *one* criminal history point under § 4A1.1(e). (*See id.* ¶ 37.) Armendariz thus received the benefit of the status point amendment and is not eligible for a reduction.

Armendariz is also ineligible for a sentence reduction under Part B of Amendment 821. Given that he was assessed 10 criminal history points (before the addition of one status point under § 4A1.1(e)), he is not eligible for the zero-point offender adjustment under Part B. (*See* Doc. 26-1 ¶ 36).)

The Court finds Armendariz is not eligible for a sentence reduction under Part A or Part B of Amendment 821. The Court therefore lacks jurisdiction over his motion.

**IT IS THEREFORE ORDERED** that Armendariz's Motion for Reduction of Sentence (Doc. 31) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE